# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ROSETTA T. HUTTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-3139 |
| | ) | |
| WYNDHAM VACATION RESORTS, INC. | ) | (State Court No. 1946-CC00041) |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Wyndham Vacation Resorts, Inc. ("WVR") ("Defendant"), by and through its counsel of record, Armstrong Teasdale LLP, hereby gives notice of removal of this action to the United States District Court for the Western District of Missouri from the Circuit Court of Taney County, Missouri, Case No. 1946-CC00041. Defendant removes this case without waiving, but reserving, all procedural and substantive rights and defenses. Defendant states the following in support of its Notice of Removal:

## I.     NATURE OF THE DISPUTE

1.     Plaintiff alleges that Defendant coerced and deceived her when entering into a contract to purchase a vacation ownership interest from Defendant on November 11, 2017.

2.     On March 4, 2019, Plaintiff filed a Petition for Damages ("Petition") against Defendant in the Circuit Court of Taney County, Missouri, Case No. 1946-CC00041, in a case captioned, *Rosetta T. Hutter v. Wyndham Vacation Resorts, Inc.* (the "State Court Action"). *See* State Court Action documents, including Plaintiff's Petition for Damages, are attached as **Exhibit A**.

3.     Plaintiff's Petition asserts four causes of action against Defendant: (1) fraud, (2)

violation of the Missouri Merchandising Practices Act, § 407.025, R.S.Mo. ("MMPA"), (3) negligent misrepresentation, and (4) general negligence.

4.      Defendant has not yet filed any responsive pleading in the State Court Action, but denies liability as to all of Plaintiff's claims.

## II.    REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

5.      Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions based on diversity of the parties.

6.      Under 28 U.S.C. §§ 1441 and 1446, Congress has granted a defendant the statutory right to remove a case from a state court to a United States district court where that case originally could have been filed.  *See* 28 U.S.C. § 1441(a).  Article III, Section 2, of the United States Constitution extends original jurisdiction to the federal courts over controversies "between citizens of different states." U.S. Const. art. III, § 2; *see also* 28 U.S.C. § 1332(a)(1).

7.      As shown below, removal is proper in this case because complete diversity of citizenship jurisdiction exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

### A.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8.      There is complete diversity of citizenship in this case.

9.      Plaintiff has alleged that she resides in the State of Missouri. *See* Petition, ¶ 1, Ex. A.

10.     Wyndham Vacation Resorts, Inc. is a Delaware corporation with its principal places of business in Florida.  *See* Declaration of James Ward, attached hereto as **Exhibit B**, ¶ 12. WVR is, therefore, a citizen of the States of Delaware and Florida.  *See* 28 U.S.C. § 1332(c).

## B. THE JURISDICTIONAL AMOUNT IS SATISFIED

11.     "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The party seeking removal has the burden to prove the requisite amount by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted). Once this burden is met, the opponent to removal must "establish to a legal certainty that the claim is for less than the requisite amount." *Id.*  The preponderance standard requires the removing party to present "some specific facts or evidence demonstrating the jurisdictional amount has been met" such as "responses to discovery or damage recoveries in similar cases." *Hoffman v. Empire Mach. & Tools, Ltd.*, No. 4:10-CV—00201-NKL, 2010 WL 2216631, at *2 (W.D. Mo. May 28, 2010).

12.     Plaintiff's Petition seeks an array of damages, including actual damages, punitive damages, and attorney's fees. *See also* Mo. Rev. Stat. § 407.025.1 (allowing a plaintiff to recover compensatory and punitive damages, along with attorney's fees on a MMPA claim). When analyzing the jurisdictional amount, punitive damages and attorney's fees may be considered along with the actual damages. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766-67 (8th Cir. 2001) ("Punitive damages, of course, may be used to establish diversity jurisdiction. . . . [Also,] [s]tatutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction."). Further, the majority rule among courts in the Eighth Circuit is that both past and future attorney's fees are included in the amount

in controversy so long as they are reasonable. *Stanley v. Lafayette Life Ins. Co.*, No. 3:13-CV-05137-MDH, 2015 WL 2062568, at *3 (W.D. Mo. May 4, 2015) ("While the Eighth Circuit has not yet addressed [whether *future* attorney's fees may be included in addition to the attorney's fees as of the date of removal], the majority of district courts within this circuit have held that attorney fees incurred post-removal are includable in the amount in controversy calculation so long as they are reasonable.").

13.     Evidence of verdicts in cases alleging similar causes of action may satisfy the burden of showing the amount in controversy. *Conner v. Minnesota Life Ins. Co.*, 2015 WL 13404335, at *1 (W.D. Mo. Sept. 2, 2015).

14.     For the following reasons, Plaintiff *could* receive an award of more than $75,000 for her claims should Defendant not prevail in this matter.

### 1.     *Compensatory Damages.*

15.     Plaintiff seeks to recover actual damages alleged to have resulted from her agreement with Defendant. "Section 407.025.1 allows a plaintiff who has 'suffer[ed] an ascertainable loss of money or property' as a result of a breach of the MMPA to recover 'actual damages.' " *Shiplet v. Copeland*, 450 S.W.3d 433, 441 (Mo. Ct. App. 2014). "Although no Missouri cases outline the method the court should use in determining actual damages in an unlawful merchandising practices case," Missouri courts typically measure actual damages "using the lost benefit of the bargain rule." *Id.* Further, consequential damages are "those damages naturally and proximately caused by the commission of the breach and those damages that reasonably could have been contemplated by the defendant at the time of the parties' agreement." *Ullrich v. CADCO, Inc.*, 244 S.W.3d 772, 779 (Mo. Ct. App. 2008).

16.     It is anticipated that the "actual damages" Plaintiff will seek to recover, at a

minimum, are the amounts Plaintiff has paid to date for her timeshare ownership interest.

17.     The purchase price for the Plaintiff's timeshare was $14,849.00. *See* **Exhibit B. ¶ 8.** Plaintiff made a down payment on the contract in the amount of $4,813.11, as well as one payment of $30 for closing fees, and sixteen monthly payments of $157.57, or $2,809.12.   *See* **Exhibit B**., ¶ 9.

18.     Additionally, the contract required Plaintiff to pay maintenance fees.  The total maintenance fees paid to date by Plaintiff under the contract is $850.77.

19.     Thus, Plaintiff has expended a total sum of $8,503.00 to date.  *Id., ¶ 12.*

### 2.     *Equitable Relief.*

20.     Plaintiff's Petition also implicitly seeks equitable relief in the nature of rescission. Plaintiff alleges that she was somehow fraudulently induced into entering into her contract – which Defendant denies – and is seeking to recoup amounts she has paid to date.  It is therefore a fair assumption that Plaintiff also seeks to be relieved from having to make any future payments under the contract.  In other words, she wants the contract to be rescinded.

21.     It is well settled that for purposes of subject matter jurisdiction, "the amount in controversy is measured by the value of the right that [plaintiff] seeks to protect or the value of the object that is the subject matter of the suit."  *Churchill in Crestwood, LLC v. Schwartz*, No. 09-0100-CV-W-SOW, 2011 WL 7109212, at *4 (W.D. Mo. Jan. 27, 2011) (citing *Neely v. Consol Inc.,* 25 F. App'x 394, 400 (6th Cir.2002) (stating that where a plaintiff seeks to rescind a contract, the contract's entire value is the amount in controversy)). *See also, In re Minn. Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834–35 (8th Cir. 2003) (holding in a case removed to federal court, that the face value of life insurance policies, not the "potentially smaller award based solely on compensatory damages," establishes the jurisdictional amount in

controversy).

22.     Here, the total "value" of the timeshare contract which Plaintiff seeks to rescind, and therefore avoid paying, is $25,881.51—the total sales price of the contract—plus the maintenance fee obligation, which is ongoing in nature.  At the time of filing, the total maintenance fees (including both those fees paid and due and owing from Plaintiff) amount to $850.77, with monthly payments currently set at $54.84.  Accordingly, in terms of the equitable relief sought, the "value of the object of the litigation" is, at a minimum, $26,732.28.

### 3.     *Attorney's Fees.*

23.     Under the MMPA, a prevailing plaintiff may recover attorney's fees "based on the amount of time reasonably expended." Mo. Rev. Stat. § 407.025.1.

24.     The starting point for attorney's fee awards is the amount of time reasonably spent on the matter multiplied by a reasonable hourly rate. *See Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 431-32 (Mo. banc 2013); *Selleck v. Keith M. Evans Ins., Inc.*, 535 S.W.3d 779, 784-85 (Mo. Ct. App. 2017).

25.     Though Plaintiff does not allege an amount for attorney's fees sought for her claims, it is possible to reach a reasonable estimate of the attorney's fees likely to be at issue.  In *Berry v. Volkswagen Group of Am., Inc*., 397 S.W.3d 425, 428 n.2 (Mo. banc 2013), the Supreme Court of Missouri affirmed an award on attorney's fees on an MMPA claim at rates of between $250 and $650 per hour.

26.     It is likely that a significant amount of time will be expended by both sides before the case is ready for resolution, particularly given that many of Defendant's expected witnesses reside outside of Missouri.  Further, the use of experts might be necessary for each side, with each expert having to be deposed. Thus, considering these depositions along with potential

motion practice and other discovery, the amount of time likely to be expended and the amount of attorney's fees incurred are likely to be substantial. *See* Mo. Rev. Stat. § 407.025.1.

27.     Indeed, fee awards in other recent MMPA cases support this conclusion. *See, e.g.*, *Selleck v. Keith M. Evans Ins., Inc.*, 535 S.W.3d 779, 781-83 (Mo. Ct. App. 2017) (jury awarded a verdict of $10,000 on the plaintiff's MMPA claim, and the trial court calculated attorney's fees to be $23,800 for that claim).

28.     Additionally, in a recently concluded timeshare case which also asserted violations of the MMPA, the plaintiffs' counsel was awarded $26,350 in attorney's fees, in a case where the jury awarded only $12,000 in actual damages. *See* Amended Final Judgement, entered in October 16, 2018 in *Halversen v. Branson Nantucket*, LLC, Case No. 15SN-CC00124, Stone County, Missouri, a copy of which is attached as **Exhibit C**.

29.     Notably, the attorneys in *Halversen* filed an application seeking $50,877.50 in attorney's fees. *See* Plaintiff's Application for Attorneys' Fees and Costs and Suggestions in Support, attached as **Exhibit D**.

30.     Based on the foregoing, it is reasonable to conclude that this case will require at least $25,000 in attorney's fees.

### 4.     *Punitive Damages.*

31.     Plaintiff also avers that Defendant's acts were "willful, wanton and malicious," and therefore entitle Plaintiff to punitive damages. *See* Petition, ¶ 21, Ex. A.  While Defendant vigorously disputes these allegations, if proven, they could justify a substantial punitive damages award.

32.     "Previously under Missouri law, punitive damages were limited to the greater of (1) $500,000 or (2) five times the combined sum of actual damages and attorney's fees." *Baker v.*

*NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843831, at \*1 (W.D. Mo. June 1, 2015) (citing Mo Rev Stat. § 510.265, *declared unconstitutional by Lewellen v. Franklin*, 441 S.W.3d 136, 142-45 (Mo. banc 2014)). "In *Lewellen*, the Supreme Court of Missouri held that legislatively capping how much a plaintiff can recover in punitive damages violated the plaintiff's right to a jury trial. Therefore, under Missouri law it is now possible that a plaintiff may now recover *more* than five times the combined sum of actual damages and attorney's fees." *Id.* (internal citations omitted).

33.     Consistent with *Lewellen*, Missouri juries are given discretion to determine the amount of punitive damages. "[T]here is no mathematical formula applied to determine punitive damages and they need not bear any specific relationship to the actual damages received." *Finley v. Empiregas, Inc. of Potosi*, 975 F.2d 467, 472 (8th Cir. 1992). Again, verdicts in other MMPA cases demonstrate the possibility that a punitive damages award in excess of $75,000 could occur here for each claim:

- In *Lewellen v. Franklin*, 441 S.W.3d 136 (Mo. banc 2014), the Supreme Court of Missouri affirmed an award of $1,000,000 in punitive damages on an MMPA claim with $25,000 in actual damages.

- In *Kerr v. Vatterott Educ. Ctrs., Inc.*, 439 S.W.3d 802 (Mo. Ct. App. 2014), the court affirmed the award of $2,078,679.80 in punitive damages on a compensatory damages award of $27,696.76 and remanded the matter to the trial court to award appellate attorney's fees, as well.

- In *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 213 (Mo. Ct. App. 2013), a Missouri state court jury awarded $11,007.81 in compensatory damages on an

MMPA claim with $1,187,505 in punitive damages, which was later reduced to $881,789.05.

- In *Baker v. NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015), the court concluded that, if there are $645,702.33 in actual damages, then it is possible for the plaintiffs to recover $215,234.11 in attorneys' fees and $4,139,064.56 in punitive damages on an MMPA claim.

- In *VonDavid v. Blue Springs Ford Sales, Inc.*, Case No. CV04-205337-01 (Mo. Cir. May 26, 2010), a Missouri state court jury awarded $171,520 in compensatory damages on an MMPA claim with $1,750,000 in punitive damages.

*See* **Exhibit E.**

31.     Upon factoring in the potential for punitive damages and attorney's fees, Plaintiff's claims meet the jurisdictional threshold. Assuming the "value of the object of the litigation" (i.e., the value of rescission) is $26,732.28, and applying a punitive damages multiplier of 3.0, the amount of Plaintiff's claim would be $80,196.84. (A 3.0 multiplier is far smaller than those applied in other cases asserting claims under the MMPA.) Furthermore, in the event Plaintiff were to prevail, it is more likely than not that attorneys' fees of at least $25,000 would be awarded, thus pushing the total amount in controversy to at least $105,196.84.

32.     While Defendant disputes that Plaintiff is entitled to any recovery, for removal purposes Defendant has offered specific facts and evidence in its Notice of Removal which plausibly allege that the amount of controversy exceeds $75,000 for Plaintiff's claims. Therefore, the jurisdictional threshold set by 28 U.S.C. § 1332 has been established by a preponderance of the evidence.

## III.    THIS NOTICE OF REMOVAL IS PROCEDURALLY PROPER

33.    This Notice of Removal is timely because it was filed within thirty (30) days after the receipt of the Petition in the State Court Action by Defendant.  28 U.S.C. § 1446(b).

34.    This action is not one which is described in 28 U.S.C. § 1445.

35.    The Circuit Court of Taney County, Missouri, is located within this District and Division.

36.    Promptly after filing this Notice of Removal, Defendant will file a copy of the Notice of Removal with the Circuit Court of Taney County, Missouri, and will serve a copy on all counsel of record.  *See* 28 U.S.C. §§ 1446(a) and (d).

37.    Defendant is not aware of any other process, pleadings, or other materials served upon Defendant in the State Court Action, other than those included in **Exhibit A** attached hereto.

38.    Accordingly, removal of the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 is proper because this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Wyndham Vacation Resorts, Inc. removes the above-captioned civil action from the Circuit Court of Taney County, Missouri, to the United States District Court for the Western District of Missouri.

Respectfully Submitted,

ARMSTRONG TEASDALE LLP


BY: */s/ David A. Jermann*

    David A. Jermann           #51389
    Darren K. Sharp           #50841
    Matthew R. Brunkhorst    #64753
    2345 Grand Boulevard, Suite 1500
    Kansas City, Missouri 64108
    (816) 221-3420
    (816) 221-0786 (facsimile)
    djermann@armstrongteasdale.com
    dsharp@armstrongteasdale.com
    mbrunkhorst@armstrongteasdale.com

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Court's CM/ECF System, with notice of same being sent to all attorneys of record this 15th day of April, 2019.


    /s/ *David A. Jermann*
    Attorney for Defendant